**MAHO & PRENTICE, LLP**
Chad M. Prentice (SB#173811)
(cprentice@sbcalaw.com)
Samantha Baldwin (SB#316512)
(sbaldwin@sbcalaw.com)
629 State Street, Suite 217
Santa Barbara, CA  93101
Phone: (805) 962-1930
Fax:  (805) 456-2141

**CRANE FLORES, LLP**
Mark K. Flores, State Bar No. 166990
(mkflores@cflawyers.com)
15 W. Carrillo Street, Suite 310
Santa Barbara, California 93101
Telephone: (805) 564-8181
Facsimile:   (805) 456-4433

Attorneys for Plaintiff Jesus Hernandez

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS HERNANDEZ,<br><br>              Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>              Defendant. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES FOR NEGLIGENCE/MALPRACTICE** |

COMES NOW Plaintiff JESUS HERNANDEZ, who alleges as follows:

1.     This action arises under the Federal Tort Claims Act, Sections 2671 through 2680 of Title 28 of the United States Code. This Court is vested with jurisdiction pursuant to Section 1346(b) of Title 28 of the United States Code.

2.     Venue is proper in this district as follows: Plaintiff JESUS HERNANDEZ resides within this judicial district within the meaning of 28 U.S.C. §1402(b); the acts and omissions occurred within this judicial district within the meaning of 28 U.S.C. §1402(b).

3. At all times mentioned in this complaint, Plaintiff JESUS HERNANDEZ was a dental patient of Clinicas Del Camino Real, Inc. (hereinafter "CLINICAS") and Marwan A. Haddadin, D.M.D (hereinafter "HADDADIN"), including through their agents, employees, and/or borrowed servants. Plaintiff is informed and believes and based thereon alleges that pursuant to the Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C. §233(g), CLINICAS, as a public or nonprofit private entity receiving Federal funds under Sections 254b, 254c, 256, and/or 256a of the Public Health Services Act, and HADDADIN, as an employee of CLINICAS, including through their agents, employees, and/or borrowed servants, were acting within the scope of their employment as deemed employees of the Public Health Service of the United States at all times material to the incidents alleged herein.

4. At all times herein mentioned, Plaintiff is informed and believes and based thereon alleges that HADDADIN was licensed to practice dentistry and perform related surgery under the laws of the State of California, and was engaged in the practice of dentistry in the County of Ventura, State of California.

5. At all times herein mentioned, Plaintiff is informed and believes and based thereon alleges that CLINICAS was a clinic providing dental services and related surgery under the laws of the State of California, in the County of Ventura, State of California, including through HADDADIN.

6. At all times herein mentioned, HADDADIN and CLINICAS held themselves out to the public as competent to provide dental services, and had a duty to use that degree of skill, knowledge and care ordinarily possessed and exercised by such practitioners under similar circumstances, including through their agents, employees, and/or borrowed servants.

7. On or about April 13, 2018, and continuing thereafter, Plaintiff JESUS HERNANDEZ presented to HADDADIN and CLINICAS as a patient for

**COMPLAINT**

dental care, examination, and treatment, including root canal therapy.  At all times relevant, HADDADIN and CLINICAS, including through their agents, employees, and/or borrowed servants, undertook to properly care for Plaintiff in connection with said dental care, examination and treatment, and had exclusive control and custody of Plaintiff's person and all instrumentalities and supplies used during the aforementioned care, examination and treatment.

8.  Defendants HADDADIN and CLINICAS, including through their agents, employees, and/or borrowed servants, breached their duty of care as aforesaid, and so negligently performed, supervised, and/or assisted during said dental care, examination, and treatment as aforesaid, that as a proximate result thereof, Plaintiff JESUS HERNANDEZ suffered injuries and damages due to, *inter alia*, foreign bodies being improperly placed and left inside of Plaintiff.

9.  As a proximate result of said negligence and dental malpractice, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury and shock to his nervous system and person, all of which injuries have caused, and will continue to cause, said Plaintiff great mental, physical, and nervous pain and suffering.  As a result of such injuries, Plaintiff has suffered general damages in an amount to be shown according to proof.

10.  As a proximate result of said negligence and dental malpractice, Plaintiff has incurred special, medical, dental, and incidental expenses in an amount to be shown according to proof.

11.  As a proximate result of said negligence and dental malpractice, Plaintiff will incur future medical, dental and incidental expenses for the care and treatment of his injuries, all in amounts which will be shown according to proof.

12.  As a proximate result of said negligence and dental malpractice, Plaintiff has lost earnings and will continue to lose earnings in the future, all in amounts which will be shown according to proof.

**COMPLAINT**

13. On July 16, 2019, Plaintiffs submitted a claim based on the above allegations in the amount of $1,000,000 to the Department of Health and Human Services, Office of the General Counsel, General Law Division, Claims Office, as Claim No. 2019-0601.

14. Plaintiff received a notice of final denial of the claim by said agency on March 10, 2020.

15. Plaintiff demands for Jury Trial at this time.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1. For general damages according to proof, but not less than $1,000,000;

2. For special damages according to proof;

3. For past and future medical/dental and incidental expenses according to proof;

4. For past and future loss of earnings according to proof;

5. For interest on the foregoing sums at the maximum legal rate;

6. For such other and further relief as the Court may deem proper.

Dated: March 24, 2020                    MAHO & PRENTICE, LLP

By: _____
Chad M. Prentice
Samantha M. Baldwin
Attorneys for Plaintiff

**COMPLAINT**